**Than LWIN, Petitioner,**

v.

**Alberto R. GONZALES,**[1] **Attorney General, Respondent.**

No. 05–2226–ag.

United States Court of Appeals, Second Circuit.

Aug. 14, 2006.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

Lynn Neugebauer, Safe Horizon Immigration Law Project, Jackson Heights, NY, for Petitioner.

Nathan E. Wyatt, Assistant United States Attorney (Edward E. McNally, United States Attorney for the Southern District of Illinois), Fairview Heights, IL, for Respondent.

PRESENT: CHESTER J. STRAUB, ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Than Lwin, a native and citizen of Burma, seeks review of an April 7, 2005 order of the BIA affirming the November 4, 2003 decision of Immigration Judge ("IJ") Annette S. Elstein denying Lwin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Than Lwin,* No. A78 691 844 (B.I.A. April 7, 2005), *aff'g* No. A78 691 844 (Immig. Ct. N.Y. City Nov. 4, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that an applicant is not credible and emphasizes particular aspects of the IJ's decision, "we review the IJ's decision including the portions not explicitly discussed by the BIA." *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus to the finding." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted).

The IJ accurately found that Lwin provided a confusing chronology of his trips in and out of Burma in the 1990s, and reasonably faulted him for failing to provide documentation, such as his old passport, to clarify this issue.

However, several other aspects of the IJ's decision are incomplete or incorrect. While the IJ correctly noted the discrepancy regarding the year that Lwin was arrested—1994, as he wrote in his applications, or 1991, as he and his brother both testified—the IJ did not address Lwin's explanation. Lwin claimed that his attorney made an error when preparing his written submissions. We find this claim plausible since the 1994 date appeared on all documents prepared by the attorney, such as Lin's two applications

and his brother's written statement, but Lwin and his brother provided matching testimony that the arrest occurred in 1991. Because the IJ failed to address this explanation, there exists no specific, cogent basis for this aspect of her adverse credibility determination.

■ Nor does there exist any reasoning to support the IJ's conclusion that Lwin testified incredibly about receiving documents through an intermediary in Times Square. Lwin testified his family sent him documents to support his asylum claim through a courier, who contacted Lwin on the phone when he arrived and set up a meeting in Times Square. The IJ found this narrative inherently unbelievable—calling Lwin's meeting with the courier "movie-like"—but did not explain why what appears to be a plausible account is so incredible. Absent an explanation, we can only view the IJ's conclusion as speculative.

Moreover, the IJ improperly concluded that Lwin and his brother gave conflicting accounts of why Lwin was arrested. Each brother testified that Lwin was arrested and found with what the authorities considered seditious material. Lwin also testified that the authorities targeted him because of his family's association with Aung San Suu Kyi, the opposition leader. We see no inconsistency in these accounts; the authorities could have targeted Lwin because of his family's association with the opposition leader and then found the prohibited writings in his possession. Further, Lwin's brother confirmed the family's political association, and testified that he too was arrested on that basis.

■ The IJ's demands for corroborating statements from Lwin's father, wife, and second brother, Maw, also were improper. The IJ made no finding that the corroborating affidavit and testimony from Lwin's first brother, Aung, was inadequate. Nor did she explain why it would be reasonable

to expect additional statements from Lwin's father or Maw, whose experiences in Burma were very similar to Aung's. Nor did she set forth what non-duplicative averments Lwin's wife could have set forth. Because "only the absence of material and *non-duplicative* corroborating evidence should form [the] basis of [an] adverse determination," the IJ's demands were unreasonable. *See Secaida–Rosales,* 331 F.3d at 311.

The IJ's demand for a statement from Kyi—an opposition leader whom the government repeatedly arrested and surveilled—also was unreasonable. The IJ failed to explain why, despite record evidence of substantial restrictions on Kyi's freedom and privacy, it was reasonable to expect Lwin to obtain a statement from Kyi. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 153 (2d Cir.2003). The IJ also failed to explain why it was reasonable to expect Lwin to produce certain medical documentation when he testified that he went to the doctor once and the doctor diagnosed him with only minor injuries and released him to his own care. *Id.*

The IJ's reasoning about Lwin's objective fear of future persecution is more sound, yet still insufficient to sustain the adverse credibility finding. Lwin's father and sisters lived in Burma throughout the time Lwin felt threatened with arrest, and continue to live there without suffering any mistreatment from the authorities. Lwin himself traveled in and out of Burma during the 1990s. While these factors may undermine Lwin's objective fear of persecution, the IJ appears to have improperly relied on them to undercut his credibility. *See You Hao Yang v. BIA,* 440 F.3d 72, 75 (2d Cir.2006) (per curiam).

As set forth above, there are several significant, non-tangential errors underlying the IJ's adverse credibility determination. The error-free portions of the decision and the record evidence as a whole

are not sufficiently strong for us to confidently predict that the agency would reach the same result on remand. *See Xiao Ji Chen v. United States Dep't of Justice,* 434 F.3d 144, 161–62 (2d Cir.2006); *Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). Accordingly, the adverse credibility finding, and resulting denial of asylum and withholding, is vacated. However, Lwin's CAT claim is deemed waived because he failed to raise it before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED IN PART, the BIA's order is VACATED IN PART, and the case is REMANDED for further proceedings consistent with our decision. The stay of removal previously granted in this petition is VACATED.